Anna Weir that he had been ordered by E. H. Jones, Judge of the Probate Court of Butler County, Ohio, not to pay but three per cent. interest on said note for the last year, when in truth and in fact no such order had ever been made, all of which was well known to said U. F. Bickley at the time.''

Such representations were not a part of the duties of an administrator under the statute, like the preparing and filing an account. And the persons to whom such representations were made were much more likely to be misled by such false statements, because the party representing them was an attorney, and would have the means of knowing.

To make such false representations so admitted by the demurrer would constitute unprofessional conduct involving moral turpitude, and the respondent should be held to answer, and the demurrer thereto should be overruled.

An order may, therefore, be drawn sustaining a demurrer to each and all the charges and specifications thereunder, excepting the seventh, on the ground that the facts set forth are not sufficient to require the respondent to answer, and he ought not under the law be required to answer in these proceedings. As to the seventh specification, the demurrer will be overruled.

*J. F. Neilan, W. C. Shepherd* and *Brandon Millikin*, committee.
*Andrews, Harlan & Andrews*, for U. F. Bickley.

---

## RECOVERY BY MOTHER FOR SUPPORT OF CHILDREN.

[Superior Court of Cincinnati, General Term.]

COLUMBUS L. CLARK v. GEORGIANA CLARK.

Decided, April 24, 1906.

*Husband and Wife—Parent and Child—Divorce Granted to Husband in Another State—Does not Release Him from Obligation to Support His Children, When.*

The dissensions of parents do not release the father from the obligation to support his children, and the fact that he has obtained a decree of divorce in another state, after a separation which continued for many years, does not bar recovery by the wife from him of money expended in the support of their children prior to the granting of the decree; nor can aggression on her part be inferred

as a matter affecting the rights of children, where the decree assigns no cause for the divorce and makes no provision for alimony or for the children.

HOSEA, J.; HOFFHEIMER, J., and SWING, J., concur.

The action below was twice tried—the first trial resulting in a disagreement of the jury, and the second in a verdict for plaintiff below, upon which judgment was entered; and the present proceedings are to reverse said judgment for errors alleged.

The facts, in brief, as appear from the record, are these: The parties were married in 1879 and after the birth of three children, to-wit, in 1884, they became separated and thereafter lived apart. The testimony was conflicting as to whose initiative was the cause of separation, but the verdict may be said to imply the husband's fault in this regard; and there is no charge of error as to the action of the jury upon the weight of evidence. Nor do we, upon a careful reading of the record, perceive any error of the court in giving or refusing to give the special charges asked, nor in the general charge; nor in other actions of the court as to which errors are charged.

The principal contest in the argument here arises upon divorce proceedings resulting in a decree of divorce granted by the Kentucky courts upon the petition of the husband. It is claimed that this is for the "aggression" of the wife and that in consequence she can not recover under the Ohio rule, which is claimed in substance to be that the only circumstances under which the mother can recover from the father money expended in rearing a child, is when she is divorced for his aggression and the custody of the child is awarded to her. The cases of *Pretzinger* v. *Pretzinger*, 54 O. S., 452, and *Fulton* v. *Fulton*, 52 O. S., 228, are cited in support of this contention. But these authorities apply to relations existing after divorce and not before.

The syllabus of the Pretzinger case shows its inapplicability to the case in hand, viz.:

"The obligation of the father to provide reasonably for the support of his minor child until the latter is in a condition to provide for his own support, is not impaired by a decree which divorces the wife *a vinculo* on account of the husband's misconduct, gives her the care and nurture of the child," etc.

In the case at bar the parties separated in 1884; and, whatever the cause, it is clear from the testimony that the husband made no definite effort to provide a home for his family, nor did he offer to relieve the mother of the burden of nurturing and educating the younger children who remained with her. The boy in question (Stewart), who was a baby in 1884, began earning wages in 1899 at the age of fourteen and a half years. In January, 1900, the divorce was granted on the husband's petition under a law of Kentucky making a separation of five years a sufficient cause. The decree assigns no cause and makes no provision for alimony or for the children. Under such circumstances "aggression" can not be inferred as a matter affecting the rights of children. But be that as it may, prior to 1900 there was a period of about fifteen years during which the husband contributed nothing to the support of either his wife or the child. The amount awarded by the jury averages about two dollars and sixty cents a week for the period of the child's life prior to the earning of wages and prior to the divorce of the parents.

The Fulton case presents an application of the same principle adopted in the Pretzinger case. Both cases rest upon the relations of parents to children *after* a divorce, and have no application to relations preceding that event.

The obligations of the husband to support his family while the marriage subsists is inherent in that relation. The dissensions of parents do not release the obligation of the father to his children, although the helpless dependence of a child may require the mother's custody rather than that of the father when parents live apart. If he choose to accept the continuance of such a condition as years go by and makes no effort to assert his more direct responsibility, he may waive the right to the comfort of the society of the child and still be liable for support so long as the necessity therefor exists.

We find no error in the present case and the judgment must be affirmed.

*E. M. Ballard*, for plaintiff in error.

*Bates & Meyer*, for defendant in error.